IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|                              |   |                      |
|------------------------------|---|----------------------|
| UNITED STATES OF AMERICA,    | ╎ |                      |
|                              | ╎ |                      |
|      Plaintiff,              | ╎ |                      |
|                              | ╎ | Cv. No. 05-2134-B/P  |
| vs.                          | ╎ | Cr. No. 92-20127-2-G |
|                              | ╎ |                      |
| DAVID POINDEXTER,            | ╎ |                      |
|                              | ╎ |                      |
|      Defendant.              | ╎ |                      |
|                              | ╎ |                      |

---

ORDER DENYING MOTION TO SUPPLEMENT
ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

Defendant, David Poindexter, Bureau of Prisons inmate registration number 13724-076, an inmate at the Federal Correctional Institution in Memphis, Tennessee, filed a pro se motion pursuant to 28 U.S.C. § 2255 on February 17, 2005, accompanied by a legal memorandum.

On April 28, 1992, a federal grand jury returned a seven-count indictment against Poindexter and a codefendant, Derrick Taylor. The first count charged both defendants, aided and abetted by each other, with armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) & (d) and 2. The next count accused both defendants, aided and abetted by each other, with killing Trevor McCracken while attempting to avoid apprehension from the bank robbery, in violation of 18 U.S.C. §§

2113(a), (d), & (e) and 2.[1]  The fourth count charged Poindexter with possession of a firearm during and in relation to the bank robbery, in violation of 18 U.S.C. § 924(c). Count five accused both defendants, aided and abetted by each other, with assaulting Matthew Wagner with the intent to commit murder by shooting him with a firearm, in violation of 18 U.S.C. §§ 7(3), 113(a), and 2. Count six charged both defendants, aided and abetted by each other, with assaulting Raymond Morgan, III with a firearm with intent to do bodily harm, in violation of 18 U.S.C. §§ 113(c) and 2. The final count charged both defendants, aided and abetted by each other, with abducting Christine Romero, in violation of 18 U.S.C. §§ 1201 and 2.

On May 14, 1992, Taylor and Poindexter were named in a nine-count superseding indictment which repeated the accusations in the original indictment and added two new counts. Count eight charged both defendants, aided and abetted by each other, with possession of a firearm during and in relation to a kidnapping, in violation of 18 U.S.C. § 924(c).[2]

A jury trial commenced on April 26, 1993 and on May 7, 1993, the jury returned a verdict finding Poindexter guilty on counts one, two, four, six, seven, and eight. Then-District Judge Julia Smith Gibbons conducted a sentencing hearing on November 19, 1993, at which time Poindexter was sentenced to life imprisonment plus twenty-five (25) years. The United States Court of Appeals for the Sixth Circuit

---

[1]   The third count was asserted against only Taylor.

[2]   The ninth count was asserted against only Taylor.

affirmed. <u>United States v. Poindexter and Taylor</u>, 44 F.3d 406 (6th Cir.), <u>cert. denied</u>, 514 U.S. 1132 (1995).

In his original motion, which was filed on February 17, 2005, Poindexter asserted that he was entitled to a new sentencing hearing in light of the Supreme Court's decisions in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, 543 U.S. 220 (2005).

On April 27, 2006, Poindexter filed a motion for leave to file a supplemental motion to assert the following additional issues:

1.  Whether his attorneys rendered ineffective assistance at trial and on direct appeal for not requesting the Court to read a proximate cause into 18 U.S.C. § 2113(a);

2.  Whether the trial court erroneously instructed the jury;

3.  Whether there was a proper finding of intent from the jury instructions; and

4.  Whether the trial court found proximate cause.

The Court will address the original motion before turning to the motion for leave to supplement.

The first issue to be considered is the timeliness of this motion. Paragraph 6 of 28 U.S.C. § 2255 provides:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001). Because Poindexter's conviction became final prior to the enactment of the AEDPA, he had a one-year grace period, until April 24, 1997, to file a timely § 2255 motion. Starnes v. United States, 18 Fed. Appx. 288, 292 (6th Cir. Aug. 22, 2001); Brown v. O'Dea, 187 F.3d 572, 577 (6th Cir. 1999), vacated on other grounds, 530 U.S. 1257 (2000). The original motion was signed on February 9, 2005 and, even if it was deemed to have been filed on that date, Houston v. Lack, 487 U.S. 266 (1988); Miller v. Collins, 305 F.3d 491,497-98 & n. 8 (6th Cir. 2002); Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999) (§ 2255 motion), almost eight years had elapsed since the expiration of the one-year grace period. The original motion appears, therefore, to be time barred.[3]

---

[3]     Section 2244(d)(1) provides that the limitations period begins to run from the latest of the four specified circumstances. Poindexter contends that the third subsection is applicable here, and that the limitations period commenced running on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In Tyler v. Cain, 533 U.S. 656, 662 (2001), the Supreme Court held that a new rule is "made retroactive to cases on collateral review" only if the Supreme Court holds it to be retroactively applicable to cases on collateral review. As the Supreme Court did not hold that Blakely and Booker are retroactively applicable to cases on collateral review, the third subsection is inapplicable and, therefore, the limitations period began to run when Poindexter's conviction became final.

It is also necessary to consider whether the limitations period is subject to equitable tolling in this case. In <u>Dunlap v. United States</u>, 250 F.3d 1001, 1004 (6th Cir. 2001), the Sixth Circuit held that the one-year limitations period applicable to § 2255 motions is a statute of limitations subject to equitable tolling. Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

<u>Id.</u> at 1008.[4]

The Sixth Circuit has stated that "equitable tolling relief should be granted only sparingly." <u>Amini</u>, 259 F.3d at 500; <u>see also</u> <u>Vroman v. Brigano</u>, 346 F.3d 598, 604 (6th Cir. 2003); <u>Jurado v. Burt</u>, 337 F.3d 638, 642 (6th Cir. 2003).

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

<u>Graham-Humphreys v. Memphis Brooks Museum, Inc.</u>, 209 F.3d 552, 560-61 (6th Cir. 2000); <u>see also</u> <u>King v. United States</u>, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); <u>Johnson v. U.S. Postal Serv.</u>, No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when <u>pro se</u> litigant missed filing deadline by one

---

[4]     This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. <u>Amini v. Oberlin College</u>, 259 F.3d 493, 500 (6th Cir. 2001) (citing <u>Dunlap</u>); <u>Truitt v. County of Wayne</u>, 148 F.3d 644, 648 (6th Cir. 1998).

day). Thus, ignorance of the law by <u>pro</u> <u>se</u> litigants does not toll the limitations period. <u>Price v. Jamrog</u>, 79 Fed. Appx. 110, 112 (6th Cir. Oct. 23, 2003); <u>Harrison v. I.M.S.</u>, 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); <u>Miller v. Cason</u>, 49 Fed. Appx. 495, 497 (6th Cir. Sept. 27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); <u>Brown v. United States</u>, 20 Fed. Appx. 373, 374 (6th Cir. Sept. 21, 2001) ("Ignorance of the limitations period does not toll the limitations period."); <u>cf.</u> <u>Jurado</u>, 337 F.3d at 644-45 (lawyer's mistake is not a proper basis for equitable tolling).[5]

In this case, Poindexter makes no argument that he is entitled to equitable tolling. Accordingly, it would appear that the motion is time barred, and Taylor is not entitled to that equitable relief.

The Supreme Court's recent decision in <u>Day v. McDonough</u>, 126 S. Ct. 1675, 1684 (2006), authorizes district courts to raise the statute of limitations <u>sua</u> <u>sponte</u>. Nonetheless, district courts must afford the parties notice and an opportunity to be heard, <u>id.</u>, and may not override the Government's decision deliberately to waive a statute of limitations defense, <u>id.</u> at 1679, 1685-85 & n.11.[6] Although the Court ordinarily would order the parties the opportunity to be heard

---

[5]    <u>See also</u> <u>Cobas v. Burgess</u>, 306 F.3d 441 (6th Cir. 2002) ("Since a petitioner does not have a right to assistance of counsel on a habeas appeal . . . , and because an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations . . . , we are loath to impose any standards of competency on the English language translator utilized by the non-English speaking habeas petitioner.").

[6]    Although <u>Day</u> involved a state prisoner's petition pursuant to 28 U.S.C. § 2254, there would appear to be no reason not to apply the same rule to § 2255 motions by federal prisoners.

on this issue, that is unnecessary in this case because, even if Poindexter's motion was timely, his <u>Blakely</u> and <u>Booker</u> claim would still be subject to dismissal.

"As a general rule, new constitutional decisions are not applied retroactively to cases that were finalized prior to a new Supreme Court decision." <u>Goode v. United States</u>, 305 F.3d 378, 383 (6th Cir. 2002); <u>see</u> <u>Schriro v. Summerlin</u>, 542 U.S. 348, 351-58 (2004) (holding that decision in <u>Ring v. Arizona</u>, which held that a sentencing judge in a capital case may not find an aggravating factor necessary for imposition of the death penalty, and that the Sixth Amendment requires that those circumstances be found by a jury, does not apply retroactively to cases on collateral review); <u>Teague v. Lane</u>, 489 U.S. 288 (1989). Applying these standards, the Sixth Circuit has held that <u>Blakely</u> and <u>Booker</u> issues cannot be raised in an initial motion pursuant to 28 U.S.C. § 2255. <u>Humphress v. United States</u>, 398 F.3d 855, 860-63 (6th Cir. 2005). Accordingly, Poindexter's original motion, which relies exclusively on <u>Blakely</u> and <u>Booker</u>, is without merit and is DISMISSED.

As previously mentioned, on April 27, 2006, when this matter had been pending for more than one year, Poindexter filed a motion for leave to assert additional claims, all of which appear to concern whether a conviction under 18 U.S.C. § 2113(e) requires proof of specific intent to kill and, if so, whether the jury was properly instructed and sufficient evidence existed to support his conviction under that statute. Because this proposed amendment was filed well after the expiration of the one-year statute of limitations applicable

7

to § 2255 motions, it is first necessary to consider whether the amendment relates back to the filing of the original motion (which was, as previously discussed, itself untimely). The Supreme Court has held that "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 125 S. Ct. 2562, 2566 (2005). However, "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Id. at 2574. In this case, the claim asserted in the amendment challenges the guilty verdict in count 2, whereas the Blakely and Booker claim in the original motion questions the Defendant's sentence. Accordingly, it appears that the supplemental claim does not relate back to the date of filing the original § 2255 motion.

In this case, the fact that the supplemental claims do not relate back is itself strong evidence that they are untimely. As the original motion was filed almost eight years after expiration of the § 2255 limitations period, and as Poindexter does not suggest that any of his supplemental claims accrued after April 24, 1997, the expiration date for the one-year grace period for prisoners whose convictions became final prior to the enactment of the AEDPA, the claims asserted in the supplement appear to be time barred.

The Court declines to direct the parties to address the timeliness of the supplement because the Defendant would not be entitled to relief even if it were timely. The issue of an intent

8

element under 18 U.S.C. § 2113(e) was raised on direct appeal, and the Sixth Circuit held that § 2113(e) does not require proof of an intent to kill. United States v. Poindexter, 44 F.3d at 408-09. "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." Jones v. United States, 178 F.3d 790, 796 (6th Cir. 1999); see DuPont v. United States, 76 F.3d 108, 110 (6th Cir. 1996). No exceptional circumstances are present in this case.

Because intent to kill is not an element under § 2113(e), it necessarily follows that the Defendant's trial and appellate attorneys did not render ineffective assistance for failing to request such an instruction. Each of the Defendant's remaining supplemental claims rests on the erroneous assumption that intent to kill is an element under § 2113(e). As none of the issues presented in the supplemental motion is legally cognizable, the motion for leave to supplement is DENIED.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, the Court finds that a response is not required from the United States Attorney and that the motion may be resolved without an evidentiary hearing. United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986). Defendant's conviction and sentence are valid and therefore, his motion is DENIED.

Consideration must also be given to issues that may occur if the Defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2255 movant may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

10

<u>Miller-El v. Cockrell</u>, 537 U.S. 322, 337 (2003) (quoting <u>Barefoot</u>, 463 U.S. at 893). Thus,

> [a] prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

<u>Id.</u> at 338 (quoting <u>Barefoot</u>, 463 U.S. at 893); <u>see also</u> <u>id.</u> at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[7]

In this case, the Defendant's claims are clearly lacking in legal merit for the reasons previously stated and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. <u>Kincade v. Sparkman</u>, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal <u>in</u> <u>forma</u> <u>pauperis</u> in a § 2255 case, and thereby avoid the $455 appellate filing fee required by 28 U.S.C.

---

[7]     By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." <u>Id.</u> at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." <u>Id.</u>

§§ 1913 and 1917,[8] the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). <u>Kincade</u>, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal <u>in forma pauperis</u>, the prisoner must file his motion to proceed <u>in forma pauperis</u> in the appellate court. <u>See</u> Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal <u>in forma pauperis</u> is DENIED. Accordingly, if Movant files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed <u>in forma pauperis</u> and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 13th day of October, 2006.

s/J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[8]       Effective April 9, 2006, the appellate filing fee increased from $255 to $455.